J-S63027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRANDON S. BAKER | : | |
| | : | |
| Appellant | : | No. 320 WDA 2017 |

Appeal from the PCRA Order December 7, 2016
In the Court of Common Pleas of Somerset County Criminal Division at
No(s): CP-56-CR-0000481-2015,
CP-56-CR-0000639-2006

BEFORE: BOWES, J., SOLANO, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.: **FILED MARCH 16, 2018**

Brandon S. Baker appeals from the order denying his PCRA petition. Appellant's case returns to us after we quashed the order at Docket No. 639-06, and remanded the matter at Docket No. 481-15 with directions to counsel to file a **Turner**/**Finley**[1] brief or an advocate's brief addressing the issues raised by Appellant. Counsel complied with our directive, and, on January 12, 2018, filed an advocate's brief with this Court.[2] We affirm.

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[2] On February 9, 2018, the Commonwealth filed a motion requesting an extension of time to file its brief. Based on our disposition, *infra*, we deny this petition as moot.

As we previously quashed Appellant's appeal at Docket No. 639-06, *see Commonwealth v. Baker*, 320 WDA 2017 (Pa.Super. filed December 26, 2017),[3] we briefly recount the pertinent facts regarding the appeal at Docket No. 481-15. The affidavit of probable cause filed in this matter noted the following. Shortly after midnight on October 6, 2014, Pennsylvania State Trooper Scott Kemerer observed a Jeep stopped in the roadway facing north in the southbound lane. Trooper Kemerer approached the vehicle, and he saw Appellant slumped over the steering wheel, while the transmission remained in the drive position. The trooper placed the vehicle in park, and after unsuccessfully attempting to wake Appellant, he removed him from the vehicle. Trooper Kemerer detected a strong odor of alcohol emanating from Appellant. After being brought to his feet, the trooper noticed that Appellant was severely intoxicated and unable to maintain his balance. As a result, he placed Appellant under arrest for suspicion of driving under the influence ("DUI"). Appellant was transported to Somerset Hospital where the trooper read him his implied consent and *O'Connell* warnings[4] from a DL-26 Form

---

[3] In our prior disposition in this matter, we determined that Appellant had failed to properly file a notice of appeal from the order dismissing his PCRA petition at Docket No. 639-06. Hence, we quashed that portion of his appeal.

[4] *See Commonwealth, Dep't of Transp., Bureau of Traffic Safety v. O'Connell*, 555 A.2d 873 (Pa. 1989).

issued by the Pennsylvania Department of Transportation. Appellant refused to submit to blood testing.

Appellant was charged with DUI, his fourth offense, with refusal to submit to blood testing, and various related crimes. On September 16, 2015, he pled guilty to the DUI charge. On January 7, 2016, the court imposed a sentence of one to five years imprisonment. Appellant did not file a post-sentence motion or timely appeal that decision. Thus, his judgment of sentence became final on February 6, 2016. On August 4, 2016, Appellant filed a timely *pro se* PCRA petition, and counsel was appointed. Appellant contended that he was illegally sentenced following the United States Supreme Court's decision in **Birchfield v. North Dakota**, 136 S.Ct. 2160 (2016), and that information regarding his refusal to submit to a blood test was submitted to the District Attorney's Office in violation of federal law. Following a hearing on the matter, the court denied Appellant's PCRA petition, and this appeal followed.

Previously, we determined that, due to a breakdown in the PCRA court's operations Appellant had timely filed his notice of appeal.[5] **Baker**, **supra** at *9. In that disposition, as is pertinent herein, we denied counsel's

---

[5] In our previous memorandum opinion, we declined to dismiss Appellant's appeal on the basis of an untimely filed notice of appeal because the record revealed that, due to a breakdown in the PCRA court's operations, Appellant's counsel was not served notice of the December 27, 2016 order dismissing his petition. **Commonwealth v. Baker**, 320 WDA 2017 (Pa.Super. filed December 26, 2017) at *9.

- 3 -

petition to withdraw and remanded this matter with instructions to counsel to file a compliant **Turner**/**Finley** brief or an advocate's brief. Thereafter, counsel filed an advocate's brief, and this matter is once again ready for our review.

Appellant raises two questions for our consideration:

1. Whether the lower court's findings concerning Appellant's post-conviction relief act petition were supported by the record, such that the lower court's legal conclusions that Appellant was not illegally sentenced and his rights of privacy were not violated were appropriate.

2. Whether Appellant was illegally subjected to enhanced sentencing provisions for refusing to submit to a warrantless blood test.

Appellant's brief at 16 (unnecessary capitalization omitted).

When reviewing a PCRA court's denial of a PCRA petition, "[w]e must examine whether the record supports the PCRA court's determinations, and whether the PCRA court's determination is free of legal error." **Commonwealth v. Wilcox**, 174 A.3d 670, 672 (Pa.Super. 2017) (citation omitted). Further, we will not disturb the PCRA court's findings, "unless there is no support for the findings in the certified record." **Id**.

At the outset, we observe that a portion of Appellant's brief is dedicated to challenging the sentence imposed at Docket No. 639-06. As noted above, we previously quashed the portion of this appeal related to that order, and thus we do not reach the merits of this claim here. With regard to the instant appeal, Appellant first argues that the PCRA court erred

in determining that his right to privacy under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") was not violated when his refusal to submit to blood testing was provided to the District Attorney's Office without his consent. Appellant contends that if the DL-26 form memorializing his refusal to submit to blood testing was provided by the hospital, then it would be protected from disclosure under HIPAA.

We find that the PCRA court did not err in determining that the DL-26 form was not a protected health information form under HIPAA, and thus, Appellant's right to privacy was not violated when the Pennsylvania State Police transmitted the form to the District Attorney's Office. First, we note that Appellant does not cite which HIPAA provision protects his right to confidentiality in this instance. Nevertheless, even assuming Appellant had more fully developed this argument, he would not be entitled to relief.

HIPAA prohibits the disclosure of "individual identifiable health information" by "covered entities" under the statute. **_T.M. v. Elwyn, Inc._**, 950 A.2d 1050, 1059 (Pa.Super. 2008) (citing 42 U.S.C. § 1320d-6)); 45 C.F.R. 160.103. A "covered entity" is defined as a "health plan, a health care clearinghouse, or a health care provider who transmits any health information in electronic form in connection with a transaction covered by Act." In addition, "health information" means "any information, including genetic information, whether oral or recorded in any form or medium, that: (1) is created or received by a health care provider, health plan, public health authority, employer, life insurer, school or university, or health care

clearinghouse; and (2) relates to past, present, or future physical or mental health or condition of the individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual." *Id*.

Assuming that Somerset Hospital is a covered entity pursuant to HIPAA and that it provided Trooper Kemerer with the DL-26 form, we do not find that the hospital disclosed any individual identifiable health information to the District Attorney's Office. First, the DL-26 form was created by the Pennsylvania Department of Transportation, not a health care provider. Thus, the form itself does not constitute "health information" since it was not created by a covered entity, and it does not relate to an individual health condition or the provision of medical care. Second, Trooper Kemerer, whom Appellant does not argue was a "covered entity," received Appellant's refusal to submit to blood testing, memorialized it on the DL-26 form, and disclosed that information to the District Attorney's Office. As such, the hospital neither created nor received the alleged "health information" that Appellant claims was unlawfully provided to the District Attorney's Office. Hence, the disclosure did not violate HIPAA, and no relief is due.

Appellant next contends that, pursuant to *Birchfield*, *supra*, he was illegally sentenced to an enhanced sentence based on his refusal to submit to a warrantless blood test. He claims that in *Birchfield*, the Supreme Court found that warrantless blood testing was a violation of the Fourth Amendment, and thus, "any enhanced sentencing provisions as a result of a

criminal defendant's refusal to submit to a warrantless blood test is also unconstitutional."  Appellant's brief at 24.

Before we reach the merits of this claim, we must determine whether it is properly before us.  We observe that Appellant's judgment of sentence became final on February 6, 2016, thirty days after the imposition of his sentence, since he filed neither a post-sentence motion nor an appeal.  Pa.R.Crim.P. 720.  The United States Supreme Court decided **Birchfield** on June 23, 2016, nearly five months after Appellant's judgment of sentence became final.  The Supreme Court held that "where, as in **Birchfield**, one of its decisions 'results in a 'new rule,' that rule applies to all criminal cases still pending on direct review.  As to convictions that are already final, however, the rule applies only in limited circumstances.'"  **Wilcox**, **supra** at 672 (quoting **Schriro v. Summerlin**, 542 U.S. 348, 351 (2004)).  Under Pennsylvania jurisprudence, those "limited circumstances" are restricted to situations when the new rule is found to be a "substantive rule" or a "watershed procedural rule" under **Teague v. Lane**, 489 U.S. 288 (1989).  **See Commonwealth v. Washington**, 142 A.3d 810 (Pa. 2016).

In light of this principle, Appellant's challenge fails.  Simply, his case was not pending on direct appeal when **Birchfield** was decided, and the holding in **Birchfield** has not been found to be a substantive rule or a watershed procedural rule.  Thus, he is not entitled to retroactive application of its holding.  **Wilcox**, **supra**; **Commonwealth v. Moyer**, 171 A.3d 849 (Pa.Super. 2017) (finding **Birchfield** does not apply retroactively to

judgment of sentence imposed two days before it was decided). Since *Birchfield, supra*, is not applicable to Appellant's petition for relief, we do not reach his second issue. Accordingly, we find that the PCRA court did not err in denying Appellant's PCRA petition.

Order affirmed. Commonwealth's application for extension of time to file brief denied as moot.

Judge Solano did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/16/2018